*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* B. ALLSOPP, Minor.

UNPUBLISHED
February 03, 2026
10:17 AM

No. 375635
Bay Circuit Court
Family Division
LC No. 23-013581-NA

Before: BORRELLO, P.J., and MARIANI and TREBILCOCK, JJ.

PER CURIAM.

Respondent[1] appeals as of right from the trial court's order terminating his parental rights to the minor child pursuant to MCL 712A.19(3)(c)(i) (continuation of adjudicatory conditions), (3)(g) (failure to provide proper care or custody despite financial ability), and (3)(j) (reasonable likelihood of harm upon return based on parental conduct or capacity). Respondent contends the trial court violated his procedural due process rights by sua sponte determining that reasonable reunification efforts were not required under MCL 712A.19a(2), predicated upon findings that respondent subjected a prior child to criminal sexual conduct within the meaning of MCL 722.638(1) and (2), as evidenced in a previous termination proceeding. We conclude that no due process violation occurred and that the trial court did not clearly err in finding, by clear and convincing evidence, that aggravated circumstances existed under MCL 712A.19a(2) and MCL 722.638, thereby relieving petitioner of the statutory obligation to provide reasonable reunification efforts. We further conclude that the trial court did not abuse its discretion in suspending respondent's parenting time pursuant to MCL 712A.13a(13), having properly determined that visitation, even under supervision, would pose a risk of harm to the minor child. Accordingly, for the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

---

[1] In our opinion, respondent refers only to the father of the minor child as mother died during the proceedings in the trial court.

Petitioner Department of Health and Human Services (DHHS) initiated child protective proceedings pursuant to MCL 712A.2(b), asserting jurisdictional grounds predicated on maternal substance abuse. The petition further alleged that respondent had two prior convictions for criminal sexual conduct in the third degree (CSC-III) involving victims under age 13, violated registration requirements under the Sex Offender Registration Act (SORA), MCL 28.721 et seq., and incurred related felony convictions. Additionally, the petition alleged respondent's parental rights to the minor child's half-sibling were involuntarily terminated in 2018 following substantiated allegations of sexual abuse disclosed by the half-sibling.

At the preliminary hearing, petitioner moved for termination of respondent's parental rights pursuant to MCL 712A.19b(4), asserting aggravated circumstances under MCL 712A.19a(2) predicated on the prior involuntary termination of his parental rights. Petitioner further contended that respondent's criminal history warranted immediate termination without reunification efforts. Upon finding the petition's allegations substantiated by a preponderance of the evidence, the trial court entered two dispositive orders germane to this appeal. First, the court exempted petitioner from reasonable reunification efforts pursuant to MCL 712A.19a(2), while directing petitioner to provide service referrals upon respondent's request. Second, the court suspended all parenting time, including supervised visitation, upon finding that contact posed a substantial risk of harm to the minor child's physical or emotional well-being. The trial court informed him that he could request services on his own and that petitioner would be instructed to provide information to him if requested.

Respondent admitted that he was convicted of CSC-III, but he denied any convictions related to an alleged failure to comply with the SORA. The record further established that respondent entered a no-contest plea to the petition concerning the half-sibling, wherein additional sexual abuse allegations were substantiated. The trial court admitted and considered two Children's Protective Services (CPS) investigative reports detailing respondent's criminal history and subsequent sexual abuse allegations. Specifically, one report documented that respondent is a registered sex offender who served 15 years' incarceration following a 1999 conviction for digital penetration of victims aged five and six. The report additionally documented that the half-sibling received emergency medical treatment in 2015 for rectal bleeding and anal lacerations. The trial court determined these CPS reports constituted substantial evidence corroborating the allegations to which respondent pleaded no contest in the Genesee County termination proceedings. Throughout these proceedings, the trial court maintained suspension of parenting time over respondent's objection, predicated on his CSC-III convictions and the prior termination adjudication.

At the termination hearing, respondent testified he did not seek services from petitioner based on counsel's representation that the court had no obligation to provide them. He further denied receiving notification from the foster care caseworker regarding his ability to request services, and testified he would have engaged in services if offered. Respondent also testified regarding his criminal history. Concerning his 1999 CSC-III convictions, respondent testified he was incarcerated at age 18 but denied the underlying conduct of digital penetration of minor victims. Respondent asserted that trial counsel misrepresented the nature of documents executed at sentencing, stating he believed he was signing probation papers when he actually executed a plea agreement. Respondent nevertheless conceded entering an oral guilty plea in open court.

The day after the termination hearing, the trial court determined that petitioner established statutory grounds for termination under MCL 712A.19b(3)(b)(i), (3)(g), and (3)(j) by clear and convincing evidence. The court's determination rested principally on respondent's no-contest plea to allegations in the Genesee County termination petition and his documented CSC-III convictions. The court specifically found that the absence of criminal charges arising from the half-sibling's sexual abuse allegations did not negate the factual occurrence of such abuse. The court further found respondent presently lacked capacity to provide proper care and custody, citing his homeless status and absence of income. Finally, the court found that termination was in the child's best interests. The court expressly acknowledged making these determinations while cognizant that respondent had not been offered reunification services and that parenting time remained suspended throughout the proceedings.

## II. STANDARDS OF REVIEW

This Court reviews for clear error the trial court's findings regarding reasonable efforts. *In re Smith*, 324 Mich App 28, 43; 919 NW2d 427 (2018). "A finding of fact is clearly erroneous if the reviewing court has a definite and firm conviction that a mistake has been committed, giving due regard to the trial court's special opportunity to observe the witnesses." *In re Sanborn*, 337 Mich App 252, 276; 976 NW2d 44 (2021) (quotation marks and citation omitted). Accordingly, "[a]ppellate courts are obliged to defer to a trial court's factual findings at termination proceedings if those findings do not constitute clear error." *Id.* (quotation marks and citation omitted).

This Court reviews a trial court's decision to suspend or modify parenting time for an abuse of discretion. See *In re Laster*, 303 Mich App 485, 490-491; 945 NW2d 540 (2013), superseded by statute on other grounds as recognized by *In re Ott*, 344 Mich App 723, 737-747; 2 NW2d 120 (2022). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *In re COH, ERH, JRG, & KBH*, 495 Mich 184, 202; 848 NW2d 107 (2014) (quotation marks and citation omitted).

## III. ANALYSIS

Respondent challenges the trial court's termination of his parental rights, though he does not contest the sufficiency of evidence supporting either the statutory grounds for termination under the clear-and-convincing-evidence standard or the best-interests determination under the preponderance standard. Instead, respondent challenges two interlocutory orders: (1) the trial court's directive excusing petitioner from making reasonable reunification efforts, and (2) the suspension of his parenting time. Both contentions rest on respondent's position that, absent allegations of sexual abuse involving the subject child, he was entitled to demonstrate parental capacity.

### A. REASONABLE REUNIFICATION EFFORTS

As noted above, respondent first argues that the trial court clearly erred by not ordering petitioner to make reasonable efforts to reunify him with the child. In child protective proceedings, and in most cases, "DHHS has an affirmative duty to make reasonable efforts to achieve reunification before a court may terminate parental rights." *In re Barber/Espinoza*, ___ Mich ___, ___; ___ NW3d ___ (2025) (Docket 167745); slip op at 3. But "in rare circumstances provided by statute may the trial court hold a combined adjudicative and disposition hearing in which

parental rights may be terminated at the initial dispositional hearing." *Id.* at ___; slip op at 3, citing MCL 712A.19b(4); MCR 3.977(E). The circumstances applicable to this case are outlined by MCL 712A.19a(2), which provides as follows:

(2) The court shall conduct a permanency planning hearing within 30 days after there is a judicial determination that reasonable efforts to reunite the child and family are not required. Reasonable efforts to reunify the child and family must be made in all cases except if any of the following apply:

(a) There is a judicial determination that the parent has subjected the child to aggravated circumstances as provided in section 18(1) and (2) of the child protection law, 1975 PA 238, MCL 722.638.

* * *

(c) The parent has had rights to the child's siblings involuntarily terminated and the parent has failed to rectify the conditions that led to that termination of parental rights.
(d) The parent is required by court order to register under the sex offenders registration act.

MCL 722.638, which outlines aggravated circumstances, provides in relevant part as follows:

(1) The department shall submit a petition for authorization under section 2(b) of chapter XIIA of 1939 PA 288, MCL 712A.2, if 1 or more of the following apply:

(a) The department determines that a parent, guardian, or custodian or a person who is 18 years of age or older and who resides for any length of time in the child's home, has abused the child or a sibling of the child and the abuse included 1 or more of the following:

* * *

(*ii*) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

* * *

(b) The department determines that there is a risk of harm, child abuse, or child neglect to the child and either of the following is true:
(*i*) The parent's rights to another child were terminated as a result of proceedings under section 2(b) of chapter XIIA of 1939 PA 288, MCL 712A.2, or a similar law of another state and the parent has failed to rectify the conditions that led to the prior termination of parental rights.
(*ii*) The parent's rights to another child were voluntarily terminated following the initiation of proceedings under section 2(b) of chapter XIIA of 1939 PA 288, MCL 712A.2, or a similar law of another state, the parent has failed to rectify the

conditions that led to the prior termination of parental rights, and the proceeding involved abuse that included 1 or more of the following:

* * *

    (B) Criminal sexual conduct involving penetration, attempted penetration, or assault with intent to penetrate.

* * *

    (2) In a petition submitted as required by subsection (1), if a parent is a suspected perpetrator or is suspected of placing the child at an unreasonable risk of harm due to the parent's failure to take reasonable steps to intervene to eliminate that risk, the department shall include a request for termination of parental rights at the initial dispositional hearing as authorized under section 19b of chapter XIIA of 1939 PA 288, MCL 712A.19b.

"The trial court must find by clear and convincing evidence that aggravated circumstances exist in order to excuse the reasonable-efforts requirement." *In re Barber/Espinoza*, ___ Mich at ___; slip op at 4 (quotation marks and citation omitted). If the trial court has determined that reasonable efforts are not required because of the existence of aggravated circumstances, it may move forward and terminate a respondent's parental rights only if it also finds that the statutory grounds for termination have been proved by clear and convincing evidence, MCL 712A.19b(3), and that a preponderance of the evidence supports that termination is in the child's best interests, MCL 712A.19b(5). *Id.* (citations omitted).

In this case, when entering its original order directing petitioner not to offer respondent services with a goal toward reunification, the trial court referenced respondent's prior convictions and history involving criminal sexual conduct with minors. Specifically, the trial court stated that reasonable efforts were not required for respondent because "he subjected a prior child to a CSC as provided in MCL 722.638(1) and (2) as evidenced by the termination [of rights to] that child due to the CSC allegation." The trial court also referred to respondent's two convictions for CSC-III. These findings were sufficient to authorize the trial court to find that aggravated circumstances existed under MCL 712A.19a(2)(a). This statute, along with MCL 722.638, provide an exclusive list of exceptions to petitioner's general duty to make reasonable efforts toward reunification that apply when an attempt to do so poses too much of a risk of harm to the child in question. See *In re Walters*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket 369318); slip op at 1.

Respondent denied any sexual misconduct on his part throughout the termination hearing. However, the trial court found that his guilty plea and his no contest plea to sexual abuse allegations involved similar acts of sexual misconduct against young children were more compelling than his testimony. We defer to the trial court's ability to weigh the evidence presented and to the trial court's factual findings that are not clearly erroneous. *In re Sanborn*, 337 Mich App at 276.

Further, respondent's argument that he would have participated in services had they been provided is not supported by the factual record. To the contrary, respondent was told numerous times that he could independently seek referrals from petitioner for services that included housing

assistance. Despite this, respondent failed to reach out for assistance and was unable to be contacted despite reasonable efforts on the part of the foster care worker assigned to the child's case. Respondent's living situation was not congenial to the care for the minor child as respondent admitted he was homeless and had no income because he was incarcerated.

In sum, we are not left with a definite and firm conviction that the trial court's decision to excuse petitioner from making reasonable efforts toward reunification between the minor child and respondent was erroneous. *In re Smith*, 324 Mich App at 43. The record supports the trial court's determination that clear and convincing evidence was presented that aggravated circumstances existed under MCL 712A.19a(2)(a) and MCL 722.638.

## B. PARENTING TIME

Respondent contends the trial court abused its discretion in suspending parenting time at the commencement of proceedings, asserting he posed no risk to the minor child and that no allegations of direct abuse existed. This Court finds no abuse of discretion in the suspension of parenting time.

MCL 712A.13a(13) delineates the court's authority following removal of a juvenile from parental custody, providing in pertinent part that "[i]f the court determines that parenting time, even if supervised, may be harmful to the juvenile's life, physical health, or mental well-being, the court may suspend parenting time until the risk of harm no longer exists." Furthermore, "[i]f a petition to terminate parental rights to a child is filed, the court may suspend parenting time for a parent who is a subject of the petition." MCL 712.A19b(4).

Here, the trial court entered an order suspending respondent's parenting time immediately upon filing of the petition, which sought termination at the initial dispositional hearing. The filing of the petition provided adequate grounds for the court's order. See, *Id*. Regardless, the court predicated suspension on its determination that parenting time, even under supervision, posed a risk of harm to the child's health and welfare based on respondent's criminal sexual conduct in the third degree (CSC-III) convictions and sexual abuse allegations. The trial court maintained this suspension throughout the proceedings notwithstanding respondent's continuing objections.

The record supports the court's concerns given respondent's persistent denial of criminal sexual conduct notwithstanding his 1999 guilty plea to digital penetration of minor children. Moreover, the trial court incorporated by reference the factual predicate for termination of respondent's parental rights to another child in 2018, which involved substantially identical sexual misconduct underlying his original criminal convictions. Compounding these concerns was respondent's continued denial of culpability regarding his noncompliance with SORA reporting requirements. On this record, we conclude that the trial court reasonably determined that respondent's documented history of sexual misconduct involving young children established a risk of harm.

Respondent's contention that he was entitled to parenting time based on the absence of direct harm to the child or specific allegations of abuse against the minor child lacks merit. The record demonstrates that the child remained free from harm precisely because respondent was afforded no opportunity to create such risk. Accordingly, the trial court acted within its discretion

in suspending parenting time ab initio, having made specific findings that respondent posed a risk of harm that persisted throughout the proceedings. See MCL 712A.13a(13); *In re Laster*, 303 Mich App 490-491.

Affirmed.

/s/ Stephen L. Borrello
/s/ Philip P. Mariani
/s/ Christopher M. Trebilcock